Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Juan C. Quiñones Santiago<br><br>Demandante<br><br>vs.<br><br>Joanmarie Quiñones Molina<br><br>Demandada<br><br>Juan A. Sánchez Rivoleda<br><br>Interventor-Peticionario | KLCE202400427 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil Núm.:<br>F AC2016-0948<br><br>Sobre:<br><br>Partición de Herencia |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos, el licenciado Juan A. Sánchez Rivoleda (Lcdo. Sánchez Rivoleda o parte peticionaria), quien presenta recurso de *certiorari* en el que solicita la revocación de la "Resolución" emitida el 13 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina. También, solicita la revocación de la "Resolución" emitida el 11 de marzo de 2024,[2] por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante ambas determinaciones, el TPI declaró No Ha Lugar la moción de reconsideración presentada por la parte peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *certiorari,* y confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 13 de marzo de 2024.
[2] Notificada el 13 de marzo de 2024.

Número Identificador

SEN2024_____

Además, imponemos una sanción económica de $300.00 a la parte peticionaria por la interposición de recursos frívolos y su reiterada conducta en perjuicio de la eficiente administración de la justicia.

## I.

El 16 de junio de 2016, el Lcdo. Sánchez Rivoleda presentó una "Moción de Intervención" en un pleito de partición de herencia (FAC2016-0948) que el señor Juan Carlos Quiñones Santiago instó contra la señora Joanmarie Quiñones Molina (Sra. Quiñones Molina). Argumentó que tenía derecho a intervenir porque, el 22 de febrero de 2016, el foro primario dictó Sentencia Parcial en el caso K CD2013-0964 sobre cobro de dinero, y determinó que la Sra. Quiñones Molina le adeudaba al Lcdo. Sánchez Rivoleda la suma de $36,708.19, más intereses, costas y gastos de honorarios de abogado. Evaluada su petición, el 4 de agosto de 2016, el TPI declaró No Ha Lugar la solicitud de intervención presentada por la parte peticionaria. Inconforme, este último presentó un recurso de *certiorari* ante el Tribunal de Apelaciones en el caso KLCE201800380. En dicho caso, un panel hermano emitió "Sentencia" el 30 de abril de 2018, y revocó la "Resolución" emitida el 4 de agosto de 2016, permitiendo la intervención del Lcdo. Sánchez Rivoleda.

Por otra parte, la Sra. Quiñones Molina presentó una "Moción de Relevo de Sentencia" en el caso de cobro de dinero (K CD2013-0964), y solicitó se dejara sin efecto la sentencia y la anotación de rebeldía. El 4 de septiembre de 2019, el TPI declaró No Ha Lugar la solicitud de la Sra. Quiñones Molina. Insatisfecha, el 1 de noviembre de 2019, radicó un *certiorari* ante este foro apelativo (KLCE201901454). Atendido el recurso, el 17 de enero de 2020, un panel hermano concluyó que la Sra. Quiñones Molina tuvo una inadecuada representación legal en el caso de cobro de dinero, lo que violentó su debido proceso de ley. Por consiguiente,

revocó al foro primario y dejó sin efecto la anotación de rebeldía, relevó a la Sra. Quiñones Molina de la sentencia, y ordenó la continuación de los procedimientos ante el foro primario. En desacuerdo, el Lcdo. Sánchez Rivoleda acudió en revisión al Tribunal Supremo en el caso CC2020-30. Nuestro Alto Foro no acogió el recurso y, consecuentemente, la "Sentencia" emitida por este Foro el 17 de enero de 2020 en el caso KLCE201901454, advino final y firme.

Así las cosas, la Sra. Quiñones Molina presentó una "Moción Solicitando Desestimación de la Demanda del Interventor Juan A. Sánchez Rivoleda". En ésta, arguyó que: (1) la Sentencia Parcial en el caso de cobro de dinero que había dado lugar a la solicitud de intervención del Lcdo. Sánchez Rivoleda había sido revocada y dejada sin efecto por el Tribunal de Apelaciones en el caso KLCE201901454, y (2) no existía una acreencia legal dictada por algún tribunal competente que justificara la intervención en el pleito de partición de herencia. Por lo anterior, solicitó la desestimación de la "Moción de Intervención" y la continuación de los procedimientos de la partición de la herencia. El TPI emitió una "Resolución", el 12 de noviembre de 2020, en la que declaró No Ha Lugar la solicitud de desestimación presentada por la Sra. Quiñones Molina.

En desacuerdo, la Sra. Quiñones Molina presentó un *certiorari* ante el Tribunal de Apelaciones en el caso KLCE202001303. Nuevamente, planteó que el Lcdo. Sánchez Rivoleda no tenía derecho de intervenir en el caso de partición de herencia. El 21 de abril de 2021, este Tribunal de Apelaciones dictó "Sentencia" en la que resolvió que el Lcdo. Sánchez Rivoleda no tiene legitimación alguna, ni de crédito, para intervenir en el pleito de división de herencia. Lo anterior, debido a que el crédito que le generó su derecho a intervenir en el pleito de división de

herencia dejó de existir, en el momento que la Sentencia Parcial emitida el 22 de febrero de 2016 (K CD2013-0964) fue revocada en el caso KLCE201901454.  De manera que, se desestimó la "Moción de Intervención" presentada por el Lcdo. Sánchez Rivoleda.

Luego de varios trámites procesales, el 6 de julio de 2022, el peticionario presentó una moción ante el TPI titulada "Moción Solicitando Reconsideración a las Reiteradas Equivocaciones y Erróneas Determinaciones de la Hon. Pérez Pabón, Jueza" y, entre otras cosas, reiteró su intervención en el caso.  El 3 de agosto de 2022, el foro primario emitió "Resolución y Orden", y declaró No Ha Lugar la petición del peticionario fundamentándose en la "Sentencia" que desestimó la demanda de interventor.[3]  Reiteró que, "ante la sentencia final y firme emitida por el Tribunal de Apelaciones en el caso Núm. KLCE202001303, en nuestra jurisdicción, los derechos y obligaciones que han sido adjudicados mediante un dictamen final y firme constituyen ley del caso".[4]

El 1 de noviembre de 2022, el TPI emitió una "Resolución", al atender la "Moción de Reconsideración" presentada por el Lcdo. Sánchez Rivoleda, en la que confirmó su previa "Resolución y Orden" emitida el 3 de agosto de 2022 y declaró No Ha Lugar la moción.  El Lcdo. Sánchez Rivoleda recurrió ante este foro revisor de la anterior "Resolución" mediante recurso de *certiorari* presentado el 13 de diciembre de 2022.  En ese caso, este Tribunal de Apelaciones desestimó el auto de *certiorari* por falta de jurisdicción.  En ese entonces, enfatizamos que: "[l]a continua insistencia del peticionario en revivir una solicitud de intervención en un pleito que le ha sido vedada, constituye un flagrante desafío a lo dictaminado por este Tribunal".[5]

---

[3] Véase, Sentencia emitida el 21 de abril de 2021 en el caso KLCE202001303.
[4] Véase, Apéndice pág. 20.
[5] Véase, Sentencia emitida el 21 de diciembre de 2022 en el caso KLAN202201014.

Tiempo después, el 16 de febrero de 2023, el foro recurrido emitió una "Resolución y Orden". Dicha determinación, se basó en el caso KLCE201901454 donde este Tribunal de Apelaciones revocó la Sentencia Parcial que le permitía al Lcdo. Sánchez Rivoleda ser parte interventora en el pleito. Además, se le ordenó al Lcdo. Sánchez Rivoleda "no presentar y/o comparecer a este pleito, por lo que se tendría no permitida los escritos presentados con posterioridad a dicha Resolución".[6]

A pesar de lo anterior, el Lcdo. Sánchez Rivoleda intentó, en múltiples ocasiones, presentar mociones adicionales para que se permitiera su intervención en el caso de partición de herencia. Entre éstas, se incluyen: (1) "Moción Informativa y Solicitud de Orden" presentada el 8 de mayo de 2023;[7] (2) "Con carácter de Urgencia Moción Informativa y Solicitud de Orden" presentada el 17 de mayo de 2023;[8] y (3) "Moción Informativa" presentada el 16 de junio de 2023. Todas las anteriores fueron declaradas No Ha Lugar debido a que el Lcdo. Sánchez Rivoleda no estaba autorizado a intervenir en el caso. Vale destacar que, en la "Resolución" dictada el 5 de julio de 2023, donde se dispuso de la "Moción Informativa" presentada el 16 de junio de 2023, el TPI fundamentó su decisión en la doctrina de la ley del caso y del mandato judicial.

Así las cosas, el 23 de enero 2024, el Lcdo. Sánchez Rivoleda presentó una "Moción de Reconsideración", en la que enfatizó que el foro *a quo* actuó *ultra vires* al excluir su intervención en los procedimientos. Mediante "Resolución" emitida el 13 de febrero de 2024,[9] y el 11 de marzo de 2024,[10] el TPI declaró No Ha Lugar la "Moción de Reconsideración" presentada por la parte peticionaria. Inconforme con dicha determinación, el Lcdo. Sánchez Rivoleda

---

[6] Véase, Apéndice pág. 21.
[7] Declarada No Ha Lugar por el TPI el 30 de mayo de 2023.
[8] Declarada No Ha Lugar por el TPI el 30 de mayo de 2023.
[9] Notificada el 13 de marzo de 2024.
[10] Notificada el 13 de marzo de 2024.

acude ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> *Erró el TPI al decretar en sus Resoluciones de 11 de marzo de 2024 y 13 de febrero de 2024, notificadas el 13 de marzo de 2024, señalando No ha lugar en todos sus extremos la Moción de Reconsideración presentada el 23 de enero de 2024 por el Interventor-Acreedor violentando así los claros y determinantes artículos de los Códigos Civiles de 1930 y 2020.*

**II.**

**-A-**

La doctrina de la ley del caso dispone que, como norma general, si un foro primario o tribunal apelativo ha adjudicado una controversia, éstas no pueden rexaminarse. *Pueblo v. Serrano Chang,* 201 DPR 643, 653 (2018). Nuestro Tribunal Supremo se ha expresado sobre esta doctrina en el pasado. Al respecto, en *Cacho Pérez v. Hatton Gotay y otros,* 195 DPR 1, 8-9 (2016), nuestro Alto Foro expresó que:

> *En nuestra jurisdicción, los derechos y las obligaciones adjudicados mediante un dictamen judicial, que adviene final y firme, constituyen ley del caso. Esos derechos y obligaciones "gozan de finalidad y firmeza" para que las partes en un pleito puedan proceder "sobre unas directrices confiables y certeras".* **Por lo tanto, de ordinario, las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden rexaminarse.**

(Énfasis suplido). (Citas omitidas).

En esencia, esta doctrina solo aplica cuando existe un dictamen judicial final sobre una controversia que, a causa de dicha finalidad, no podrá volver a examinarse. Asimismo, nuestra Alta Curia particularizó que:

> *En específico, las determinaciones judiciales que constituyen la ley del caso incluyen todas aquellas cuestiones finales consideradas y decididas por el tribunal.* **Esas determinaciones, como regla general, obligan tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración.** *Así, hemos expresado que la doctrina solo puede invocarse cuando exista una decisión final de la controversia en sus méritos. Cacho Pérez v. Gotay y otros, supra,* a la pág. 9.

(Énfasis nuestro). (Citas omitidas).

Lo anterior no solo aplica a decisiones adjudicadas por el foro primario, sino que también a las del tribunal apelativo. *Berkan et al. v. Mead Johnson Nutrition,* 204 DPR 183, 201 (2020); *Cacho Pérez v. Gotay y otros, supra,* a la pág. 9. A modo de excepción, nuestro Alto Foro expresó "si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, ese foro puede aplicar una norma de derecho distinta". *Íd.* Resulta evidente que, solo se puede aplicar una norma de derecho distinta, cuando aplicar la ley del caso atenta contra los principios básicos de la justicia. *Íd.,* a la pág. 10. *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 607 (2000).

**-B-**

El mandato se ha definido como una "[o]rden de un tribunal superior a uno de inferior jerarquía, notificándole haber revisado el caso en apelación y enviándole los términos de su sentencia". *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 300–301 (2012), citando a I. Rivera García, Diccionario de términos jurídicos, 2da ed. rev., New Hampshire, Ed. Equity Publishing Corporation, 1989, pág. 162. En otras palabras, por medio del mandato, el tribunal apelativo puede ordenar al foro primario a cumplir con un dictamen. Una vez el mandato es remitido al tribunal inferior, éste adquiere jurisdicción solamente para ejecutar la sentencia como fue emitida en apelación. *Mejías et al. v. Carrasquillo et al.*, *supra,* a la pág. 301.

La regla del mandato dispone que el tribunal inferior no tiene discreción para ignorar ni alterar un mandato. No obstante lo anterior, los tribunales de menor jerarquía "mantienen discreción para reconsiderar asuntos que no fueron expresa o implícitamente decididos por el tribunal que emitió el mandato".

*Íd.,* a la pág. 302. Nuestro Tribunal Supremo es claro al explicar exactamente cuales asuntos se pueden reconsiderar, aun cuando existe un mandato judicial:

> *Lo anterior no debe interpretarse como un cheque en blanco para que los tribunales inferiores actúen fuera de la orden dictada.* **Por ello, se debe entender que son solo aquellos asuntos que son ajenos al mandato judicial los que el foro inferior podrá revisar, a saber, aquellos asuntos que no surgen de manera explícita o implícita.** *En cuanto a los asuntos explícitos, se entenderá que son los que surgen de la sentencia claramente y sin espacio a ambivalencias. Sin embargo, los asuntos implícitos son los que establece el caso* Pan American v. Tribunal Superior*, supra es decir, aquellas cuestiones que, si bien no se litigaron, pudieron haberse litigado, aquellas que bien surgen del mandato mismo, así como aquellas que se deben realizar para que resulte efecto el mandato. Íd.,* a la pág. 303.

(Énfasis provisto).

Por lo que, un tribunal inferior no puede entrar a revisar un mandato judicial dictado por el foro apelativo a menos que sea claramente un asunto que no guarde relación con el mandato judicial.

### III.

Según el trámite procesal discutido, el Lcdo. Sánchez Rivoleda instó un pleito de cobro de dinero contra la Sra. Quiñones Molina. En dicho pleito, se emitió una "Sentencia" el 22 de febrero de 2016, en la que se dispuso que la Sra. Quiñones Molina le adeudaba al peticionario la suma de $36,708.19, más intereses, costas y gastos de litigio. En ese momento, el Lcdo. Sánchez Rivoleda tenía un derecho para cobrar su crédito. Además, un panel hermano de este Tribunal, mediante "Sentencia" dictada en el caso KLCE201800380, entendió que el Lcdo. Sánchez Rivoleda, en aquel momento tenía un interés legítimo y era acreedor con título reconocido para intervenir en el caso de partición de herencia.

Sin embargo, la Sra. Quiñones Molina presentó ante el TPI una moción de relevo de sentencia en el caso de cobro de dinero (KCD2013-0964). Al ser denegada por el foro primario, la Sra. Quiñones Molina acudió a este Tribunal de Apelaciones en el caso KLCE201901454. Este foro apelativo revocó el dictamen de Instancia, y se dejó sin efecto la Sentencia Parcial que garantizaba el crédito del Lcdo. Sánchez Rivoleda. Oportunamente, el Lcdo. Sánchez Rivoleda recurrió en *certiorari* a nuestro Tribunal Supremo, el cual fue declarado No Ha Lugar. Debido a lo anterior, **la "Sentencia" emitida en el caso KLCE201901454 advino final y firme**. Por lo que, desde el momento en que la "Sentencia" gozó de finalidad y firmeza, el crédito de la parte peticionaria y su derecho para cobrar su acreencia dejó de existir. Precisamente, dicho crédito fue el que le generó derecho a intervenir al Ldco. Sánchez Rivoleda.

Así las cosas, la Sra. Quiñones Molina solicitó mediante moción que se desestimara la demanda de intervención instada por el peticionario en el caso de partición de herencia. Lo anterior basado en que, al dejar de existir el crédito, el Lcdo. Sánchez Rivoleda no podía continuar como parte interventora en el pleito. Por lo anterior, un panel hermano desestimó la demanda de intervención. Desde el momento en que el Lcdo. Sánchez Rivoleda no tenía el derecho a cobrar el crédito es que pierde la legitimación para intervenir en la partición de herencia. Posteriormente, el peticionario presentó varias mociones intentando intervenir en el pleito de partición de herencia. Por esto, en la "Resolución" emitida por el TPI el 16 de febrero de 2023, el tribunal ordenó al Lcdo. Sánchez Rivoleda: "no presentar y/o comparecer a este pleito, por lo que se tendría no permitida los escritos presentados

con posterioridad a dicha Resolución".[11]   En consecuencia, los escritos presentados por el Lcdo. Sánchez Rivoleda después del 16 de febrero de 2023 fueron denegados por el mismo fundamento: el licenciado no tenía legitimación para intervenir en el caso.

No obstante las órdenes del foro primario, el Lcdo. Sánchez Rivoleda comparece ante nos y, nuevamente, solicita que se revoquen las determinaciones del TPI, aun cuando se le ha notificado previamente que no tiene derecho a intervenir en el caso de epígrafe por no tener acreencia de un crédito.  No le asiste la razón al peticionario.  Veamos.

En el caso de autos, se le deniega intervención al peticionario en los trámites procesales.  Recalcamos la aplicación de la doctrina de la ley del caso y del mandato judicial en la situación de hechos presente.  Según expusimos anteriormente, la doctrina de la ley del caso es de aplicación cuando existe un dictamen judicial final sobre una controversia que, a causa de dicha finalidad no podrá rexaminarse.  Dicha doctrina aplica a las decisiones del Foro de Instancia como las del foro revisor apelativo. *Berkan et al. v. Mead Johnson Nutrition, supra*, a la pág. 201. *Cacho Pérez v. Gotay y otros, supra,* a la pág. 9.  Lo anterior es precisamente el caso que nos ocupa. Toda vez que, **la "Sentencia" que revocó el crédito del peticionario advino final y firme por lo que no puede ser examinada nuevamente.**

Ahora bien, la única instancia en que el tribunal puede alejarse de la doctrina de la ley del caso, y aplicar una norma de derecho distinta, es cuando se atenta contra los principios básicos de la justicia. *Cacho Pérez v. Gotay y otros, supra,* a la pág. 10. *Mgmt. Adm. Servs. Corp. v. ELA, supra,* a la pág. 607.  Tras un estudio detenido del expediente, resulta que no aplica la anterior excepción a la doctrina de la ley del caso.

---

[11] Véase, Apéndice pág. 21.

Máxime, cuando ya un panel hermano de este foro revisor, en el caso KLAN202201014, decidió que no tenía jurisdicción en el asunto por aplicar la doctrina de la ley del caso. Al así hacerlo, el Tribunal de Apelaciones reconoció que la "Sentencia" en KLCE201901454 constituye la "ley del caso" y devolvió el caso al foro inferior con su mandato.

Surge indubitadamente del expediente, además, la aplicación de la doctrina del mandato judicial. Dicha doctrina establece que, cuando se envía el mandato al foro inferior, éste solo tiene jurisdicción para ejecutar la determinación del foro apelativo. *Mejías et al. v. Carrasquillo et al.*, *supra,* a la pág. 301. "El dictamen emitido por un tribunal de mayor jerarquía y enviado a uno de inferior jerarquía no da base a sugerencias o flexibilidad en cuanto a la orden a seguir, sino que esta es una orden rígida y definitiva". *Íd. Pueblo v. Serrano Chang, supra,* a la pág. 650.

Establecido lo anterior, al advenir final y firme la Sentencia dictada en el caso KLCE201901454 y, también, la determinación de denegar la intervención del peticionario, se le remitió el mandato judicial al foro recurrido. Como ya explicamos, el foro primario solo está facultado a dar cumplimiento con el mandato expuesto en la sentencia. Como bien indicó el TPI en la "Resolución" emitida el 5 de julio de 2023: "[c]ónsono con el propósito principal del mandato, el Tribunal de Primera Instancia se encuentra vedado de actuar en forma inconsecuente con los pronunciamientos del tribunal apelativo en el caso Núm. KLCE202001303".[12] Al adjudicarse el asunto sobre la intervención del Lcdo. Sánchez Rivoleda, el foro inferior no puede reconsiderar nuevamente el asunto expresamente decidido por el tribunal apelativo, conforme la doctrina del mandato judicial. *Mejías et al. v. Carrasquillo et al.*, *supra,* a la pág. 303. Por todo lo anterior,

---

[12] Véase, Apéndice pág. 24.

actuó correctamente el Tribunal de Primera Instancia al denegar la intervención de la parte peticionaria, acatando así las doctrinas de la ley del caso y del mandato judicial.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se confirma la "Resolución" recurrida, emitida por Tribunal de Primera Instancia, Sala Superior de Carolina. Además, en virtud de la Regla 85 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 85, imponemos una sanción económica de $300.00 a la parte peticionaria por la interposición de recursos frívolos y su reiterada conducta en perjuicio de la eficiente administración de la justicia. Esta sanción se impone a favor del Gobierno de Puerto Rico, la cual deberá pagarse mediante sellos de rentas internas en un término de 15 días en la Secretaría del Tribunal de Apelaciones. De igual forma, en un término no mayor de 15 días deberá mostrar evidencia de que la sanción fue satisfecha.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones